IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00265-MR-WCM

| | | |
|---|---|---|
| DEANA HOSIE, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| v. | ) | |
| | ) | |
| OMNI HOTELS MANAGEMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Stay (Doc. 7).

I. Relevant Background

A. The First Case

On November 16, 2020, Deana Hosie ("Plaintiff") filed suit in the Superior Court of Buncombe County, North Carolina against GPI Resort Holdings, LLC, Omni Grove Park, LLC, KSL GPI Management LLC, and Omni Hotels Management Corporation (the "First Case," 1:20-cv-374-MR-DSC), seeking damages for injuries she sustained on November 17, 2017 after falling at the Grove Park Inn in Asheville, North Carolina.

On December 15, 2020, the defendants removed the matter. First Case, Doc. 1.

Subsequently, the defendants moved for sanctions based on Plaintiff's failure to comply with an order directing Plaintiff to serve supplemental

1

interrogatory responses and produce responsive medical records and other documents. First Case, Docs. 28, 30.

On September 16, 2021, the Honorable David Cayer, United States Magistrate Judge, issued a Memorandum and Recommendation (the "M&R") which recommended that sanctions be imposed. First Case, Doc. 34.

Plaintiff objected to the M&R and moved to extend the deadlines to complete discovery and file certain motions. First Case, Docs. 36, 37. Plaintiff also requested, in the alternative, that she be allowed to dismiss the action voluntarily without prejudice with leave to refile within one year. First Case, Doc. 39.

On December 8, 2021, the presiding District Judge rejected the M&R, denied the defendants' motion for sanctions and Plaintiff's motion to extend the discovery and motions deadlines, granted Plaintiff's alternative request, and dismissed the case "without prejudice such that the Plaintiff may finish collecting her medical records before refiling this action" (the "December 8 Order"). First Case, Doc. 46. The Court also directed the defendants to prepare a bill of costs "so that, in the event that the Plaintiff refiles this action in the future, the Court may, at its discretion, order the Plaintiff to pay all or part of the costs of this proceeding pursuant to Rule 41(d) of the Federal Rules of Civil Procedure." Id. at 10.

On April 5, 2022, the defendants filed a motion for attorney's fees, to which Plaintiff subsequently responded and Defendants replied. First Case, Docs. 47, 48, 49.

On May 11, 2022, the Court granted the motion and awarded the defendants $8,549.50 in attorneys' fees (the "May 11 Order"). First Case, Doc. 50.

### B. The Second Case

On November 30, 2022, Plaintiff refiled the case in the Superior Court of Buncombe County, North Carolina, this time naming only Omni Hotels Management Corporation ("Defendant") as a defendant (the "Second Case"). Doc. 1-1.

Defendant removed the Second Case on December 21, 2022. Doc. 1.

On December 27, 2022, Defendant filed its answer. Doc. 3.

On January 10, 2023, Defendant filed the Motion to Stay and a supporting memorandum. Docs. 7, 8. Plaintiff has responded, and Defendant has replied. Docs. 10, 11.

### II. Legal Standard

Rule 41(d) of the Federal Rules of Civil Procedure states in part that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may

order the plaintiff to pay all or part of the costs of that previous action[ ] and (2) may stay the proceedings until the plaintiff has complied."

### III. Discussion

Through the Motion to Stay, Defendant requests that the Second Case to be stayed until Plaintiff complies with the May 11 Order and pays the attorneys' fees previously awarded. In support of its position, Defendant cites Rule 41(d) and the Court's inherent authority.

In response, Plaintiff argues that Rule 41(d) does not apply here, since the Second Case was filed originally in state court, and that the Court's inherent authority does not provide a separate basis for the relief sought, since the Court explicitly cited Rule 41(d).[1] In support of this position, Plaintiff relies on Sargeant v. Hall, 951 F.3d 1280, 1281 (11th Cir. 2020) and Cisneros v. Andrews & Lawrence Prof'l Servs., LLC, PWG 18-cv-3236, 2022 WL 3227551 (D. Md. Aug. 10, 2022).

In Sargeant, the plaintiff filed suit in federal court. After a magistrate judge recommended that a motion to dismiss be granted, but before the district court acted on the recommendation, the plaintiff filed a notice of voluntary dismissal. The district court then dismissed the action without prejudice

---

[1] Plaintiff has not argued in the alternative that if the Court finds Rule 41(d) to be applicable, it should not exercise its discretion to stay the case pending payment of the fees previously awarded.

4

"providing that '[e]ach party shall bear its own attorneys' fees and costs[.]'" 951 F.3d at 1282 (modifications in Sargeant).

Approximately three weeks later, the plaintiff filed a new action in state court based on the same alleged conduct. The defendant filed a motion in the closed federal matter for the costs of the dismissed federal action. A magistrate judge concluded that a Rule 41(d) motion must be filed in the second action and that the subsequent state court action did not trigger Rule 41(d). Over the defendant's objection, the district court adopted the report in full.

On appeal, the Eleventh Circuit found that the district court correctly determined that the defendant was not entitled to costs under Rule 41(d) because the plaintiff had filed the second action in state court. 951 F.3d at 1281. Importantly though, the court did not address the question of "whether Rule 41(d) applies where the second action is filed in state court and then successfully removed to federal court . . ." Id. at 1283, n.2.

In Cisneros v. Andrews & Lawrence Prof'l Servs., LLC, the plaintiffs filed suit in state court and the defendants removed the case to federal court. The plaintiffs later voluntarily dismissed the case and subsequently refiled in state court. The defendants then requested, in the dismissed federal matter, fees pursuant to Rule 41(d). The court found Sargeant to be persuasive and concluded that the "plain text of Rule 41(d) suggests that it only applies when the second action is an action in federal court…." 2022 WL 3227551, at *4.

Here, if the Second Case had remained in state court, these authorities would be on point. However, the Second Case, like the First Case, was removed to this Court, and Plaintiff has provided no case law indicating that a case refiled in state court and then subsequently removed does not, upon removal, become subject to Rule 41(d). See e.g., Collier v. Nat'l Penn Bank, No. CIV.A. 12-3881, 2013 WL 7157976, at *1 (E.D. Pa. Apr. 1, 2013) (concluding "that a federal court is only authorized to award Rule 41(d) costs where the second action is either directly filed in federal court… or is properly removed to federal court after the plaintiff's failed attempt at forum shopping, …" and finding that the court lacked authority to grant the defendant's motion under Rule 41(d) since the plaintiff did not file the second action in federal court and removal was not proper); see also Schnabel v. Lui, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court").[2]

In addition, the December 8 Order and the May 11 Order expressly referenced Rule 41(d) and contemplated that fees would be due upon the refiling of Plaintiff's claims. See December 8 Order at 10; May 11 Order at 5 (discussing issues that "provide a sufficient basis to support a finding and conclusion that an award of attorney's fees upon the refiling of this action is

---

[2] Plaintiff has not challenged the removal of the Second Case.

6

Case 1:22-cv-00265-MR-WCM   Document 15   Filed 04/18/23   Page 6 of 7

appropriate in this case per Rule 41(d)" and stating that "[a]ccordingly, the Court will determine whether the amount of fees requested by the Defendants is reasonable.") and at 18 ("After consideration of the deductions outlined above, the Court will order the Plaintiff to pay the following amount as an award of reasonable fees upon the refiling of this action . . .").

Consequently, the undersigned is persuaded that Rule 41(d) applies to this matter and, in accordance with the prior orders of the District Court, that the case should be stayed pending Plaintiff's payment of the fees previously awarded.

**IT IS THEREFORE ORDERED THAT**:

1. Defendant's Motion to Stay (Doc. 7) is **GRANTED** and this matter is **STAYED** until Plaintiff has fully complied with the May 11 Order (which appears as Document 50 in Docket 1:20-cv-374).

2. The parties are directed to provide joint reports on the status of Plaintiff's compliance/payments every 30 days beginning on April 24, 2023.

Signed: April 17, 2023

W. Carleton Metcalf
United States Magistrate Judge