**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00265-MR-WCM**

| | | |
|---|---|---|
| **DEANA HOSIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| **OMNI HOTELS MANAGEMENT** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Exclude

Expert Testimony [Doc. 41].

## I.    PROCEDURAL BACKGROUND

On November 30, 2022, the Plaintiff Deana Hosie ("Plaintiff") filed this

action in Buncombe County Superior Court against the Defendant Omni

Hotels Management Corporation ("Defendant").[1]    [Doc. 1-1].    The

Defendant removed the action to this Court on December 21, 2022, based

---

[1] The Court notes that the Plaintiff initially filed this case in Buncombe County Superior Court in November 2020, and the Defendant removed the case to this Court in December 2020.  Hosie v. Omni Hotels Mgmt. Corp., 2021 WL 5826787, at *1 (W.D.N.C. Dec. 8, 2021).  On December 8, 2021, this Court dismissed the Plaintiff's case without prejudice when the Plaintiff failed to comply with discovery deadlines.  Id. at *1, *4.

on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446. [Doc. 1].

In her Complaint, the Plaintiff alleges that, on November 17, 2017, while dining at the Defendant's hotel restaurant, she tripped and fell over a box-shaped object on the floor, causing her serious injuries. [Doc. 1-1]. On December 27, 2022, the Defendant filed an Answer and Affirmative Defenses to the Plaintiff's Complaint. [Doc. 3].

On August 9, 2023, the Pretrial Order and Case Management Plan was entered in this case, which, among other things, set the deadlines for the disclosure of the Plaintiff's and the Defendant's expert reports. [Doc. 21 at 4]. The original deadlines for the Plaintiff's and the Defendant's expert reports were December 4, 2023, and January 8, 2024, respectively. [Id.]. On December 4, 2023, the Plaintiff served her expert witness disclosure on the Defendant, indicating she had not retained a consulting expert or an expert witness. [Doc. 47-2: Plaintiff's Disclosure Regarding Medical Experts at 1]. Rather, the Plaintiff made clear that she only intended to call her treating physician, Dr. David Lopez, who would testify to the Plaintiff's injuries and his medical assessment based on his training and experience as a medical doctor. [Id.]. The Plaintiff did not provide an expert report for Dr. Lopez. [Id.].

On January 7, 2024, the day before the Defendant's expert disclosure deadline, the Defendant's counsel asked the Plaintiff's counsel when the Plaintiff could be available for an independent medical examination. [Doc. 29-2: Scheduling Emails Attached to the Plaintiff's Motion for Protective Order at 5]. On January 8, 2024, the Defendant served its expert witness disclosure on the Plaintiff. [Doc. 47-1: Defendant's Expert Disclosure]. The Defendant disclosed two experts: Douglas H. Hroback, P.E., an expert of premises liability from Annapolis, Maryland, and Charles DePaolo, M.D. ("Dr. DePaolo"), an orthopedic surgeon from Asheville, North Carolina. [Id. at 1–2]. The Defendant included an expert report from Hroback but indicated that Dr. DePaolo would not provide a report until "after his forthcoming independent medical examination of [the] Plaintiff." [Id. at 2].

The Plaintiff declined the Defendant's request to undergo an independent medical examination. [Doc. 47 at 3]. On March 1, 2024, the Defendant filed a Motion to Compel an Independent Medical Examination of the Plaintiff. [Doc. 31]. On April 18, 2024, the Magistrate Judge denied the Defendant's motion. [Doc. 38].

On June 13, 2024, the Plaintiff filed the present Motion, seeking to exclude the expert testimony of Dr. DePaolo. [Doc. 41]. On June 27, 2024, the Defendant responded. [Doc. 47]. On July 5, 2024, the Plaintiff

replied. [Doc. 50]. Having been fully briefed, this matter is ripe for disposition.

## II. DISCUSSION

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony. Pursuant to this rule, a party wishing to rely on an expert witness must disclose experts they intend to call at trial. Fed. R. Civ. P. 26(a)(2)(A). If an expert witness is retained, disclosure must be accompanied by a written report containing, among other things, the witness's opinions and "facts or data considered by the witness in forming" those opinions. Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a) is to allow litigants 'to adequately prepare their cases for trial and to avoid unfair surprise.'" Bresler v. Wilmington Trust Co., 855 F.3d 178, 190 (4th Cir. 2017) (quoting Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014)).

If a party fails to comply with Rule 26(a), the party cannot use that evidence unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "[T]he 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 n.2 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c)

4

advisory committee note (1993)).  Determining whether a failure to disclose is substantially justified or harmless is a matter within the Court's "broad discretion."  Id. at 597.

Here, the Defendant retained Dr. DePaolo to offer testimony regarding the "Plaintiff's past, present, and future medical condition, including . . . whether such pain or limitation is connected to the injuries" the Plaintiff suffered in this case.  [Doc. 47-1: Defendant's Expert Disclosure at 2–3].  Thus, the Defendant was required to produce a report.  See Fed. R. Civ. P. 26(a)(2)(B).  When the deadline passed on January 8, 2024, no report was forthcoming.  Accordingly, Dr. DePaolo will be excluded unless the Defendant can show that the failure to produce a report was substantially justified or harmless.  See Fed. R. Civ. P. 37(c)(1).

First, the Defendant argues that its nondisclosure was substantially justified because the Plaintiff did not provide an expert report for the Defendant to respond to.  [Doc. 47 at 5].  A party, however, need not file an expert report for a treating physician.  See Fed. R. Civ. P. 26(a)(2) advisory committee note (1993) ("A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report."); see also Drennan v. United States, 375 Fed. Appx. 299, 306–07 (4th Cir. 2010) (unpublished) (citing the advisory committee note to Rule 26(a)(2)).  Here,

5

the Plaintiff disclosed that her treating physician would testify at trial. [Doc. 47-2: Plaintiff's Expert Disclosure at 1–2]. Thus, the Plaintiff did not need to disclose an expert report, and the Defendant was not substantially justified in failing to disclose its own expert report. <u>See</u> Fed. R. Civ. P. 26(a)(2) advisory committee note (1993).

Second, the Defendant asserts that its nondisclosure was substantially justified because Dr. DePaolo needed to conduct a medical examination of the Plaintiff, arguing that a review of the Plaintiff's medical records "did not provide a sufficient basis for him to serve a report that would satisfy Rule 26(a)(2)(C)." [Doc. 47 at 5]. In his Order denying the Defendant's motion to compel an independent medical examination, the Magistrate Judge emphasized the Defendant's failure to (1) timely and adequately pursue the Plaintiff's medical records; (2) provide an expert report from Dr. DePaolo; (3) seek an extension of its deadline to disclose Dr. DePaolo's report; and (4) move to compel an independent medical examination until March 1, 2024, nearly two months after the Defendant's expert disclosure deadline. [Doc. 38 at 10–11]. Further, since the Magistrate Judge entered his order denying the Defendant's motion to compel in April, the Defendant has not supplemented or corrected its initial expert disclosure. <u>See</u> Fed. R. Civ. P. 26(e)(1)(A). Accordingly, the

6

Defendant's failure to disclose a report from Dr. DePaolo is not substantially justified due to the lack of an independent medical examination.

Next, the Defendant argues that allowing Dr. DePaolo to testify would be harmless to the Plaintiff. District courts may consider several factors when determining whether a failure to disclose is harmless, including surprise to the opposing party, the ability to cure that surprise, disruption of the trial, and "the importance of the evidence." S. States Rack & Fixture, 318 F.3d at 597. The Defendant claims that the Court can "cure" any surprise caused by the Defendant's failure to provide a report by permitting Dr. DePaolo to listen to and "rebut" the Plaintiff's treating physician's trial testimony, then briefly pausing the trial to allow the Plaintiff time to formulate a cross examination. [Doc. 47 at 7–11]. The Defendant's proposed solution, however, would entirely defeat the purpose of Rule 26. See Bresler, 855 F.3d at 190. The Defendant's proposal would minimize the Plaintiff's opportunity to "adequately prepare" for Dr. DePaolo's testimony, leaving the Plaintiff surprised and unequipped to conduct a sufficient cross-examination. See id.; see also S. States Rack & Fixture, 318 F.3d at 597. This would not be harmless to the Plaintiff; it would disrupt the trial and unfairly surprise the Plaintiff without providing a

sufficient cure. The Defendant does not explain why Dr. DePaolo would be unable to assist defense counsel in formulating an adequate cross examination of Plaintiff's treating physician.

Finally, the Defendant argues it is important for Dr. DePaolo to testify to give the jury "a more complete understanding of [the] Plaintiff's injuries" and for the Defendant to "more fairly defend itself against [the] Plaintiff's claim for significant damages." [Doc. 47 at 9–11]. In so arguing, the Defendant lists the Plaintiff's injuries and damages claims. [Id.]. This, however, is precisely the kind of information that Dr. DePaolo could have and should have rebutted in an expert report. The Defendant has had the Plaintiff's medical records and has known of the Plaintiff's claims for damages for some time. The fact that the Defendant has failed to provide a timely rebuttal to the Plaintiff's evidence does not justify an ambush of the Plaintiff's treating physician at trial.

In sum, the Defendant's failure to provide a report from its expert is not substantially justified. Furthermore, disrupting the trial to formulate an expert opinion on the fly—without giving the Plaintiff time to analyze the expert's opinion, depose the expert, and prepare a cross examination—would not be harmless. For these reasons, the Plaintiff's motion to exclude Dr. DePaolo's testimony is granted.

8

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Exclude Expert Testimony [Doc. 41] is **GRANTED**.

**IT IS SO ORDERED.**

Signed: October 4, 2024

Martin Reidinger
Chief United States District Judge